[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10408
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00295-JHH-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD COX,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 20, 2012)

Before CARNES, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Charles Edward Cox appeals his conviction for possession of a firearm as a

convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He argues that his appeal waiver, and therefore his guilty plea, was not knowing and voluntary because the district court did not explain to him that, through the appeal waiver in his plea agreement, he was waiving his right to make a claim of ineffective assistance of counsel.  He suggests that this requires us to set aside his conviction.

Ordinarily, we review the voluntariness of a guilty plea, as well as whether a defendant knowingly and voluntarily waived his right to appeal, de novo.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  However, if a defendant fails to object to a deficiency in the plea colloquy, we review only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005).  The record in this case shows that Cox did not bring to the district court's attention his concern about his understanding of the appeal waiver.  Although he did write a letter to the district court after his guilty plea, and the court construed that filing as a motion to withdraw the plea, that document did not mention the alleged failure on the part of the district court to ensure that Cox was aware of the full significance of the appeal waiver.  Thus, Cox's claim is subject to plain error review.

To prevail under this standard, a defendant must show that the district court committed an error that, among other things, affected his substantial rights.

2

United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009).  In the context of an alleged deficiency in the plea colloquy, this "means a reasonable probability that, but for the error, [the defendant] would not have entered the plea."  Id. (quotation marks omitted).  Here, we need not address the question of whether the district court properly ensured that Cox was aware of the full significance of the appeal waiver.  Even if we were to conclude that it did not, Cox has not stated that he might not have pleaded guilty.  Cox has thus failed to demonstrate that his conviction must be vacated.

Cox suggests in closing that the appeal waiver should be severed.  But the only argument that Cox has made to challenge his conviction in this direct appeal is that his plea of guilty was not knowing and voluntary.  The government has not asserted that this claim is barred by the appeal waiver; instead, it has acknowledged that such a claim can be raised.  Thus, there remains no claim in this direct appeal that the government either could say or has said is barred by the appeal waiver.  Cf. Bushert, 997 F.2d at 1353–54 (severing the waiver and adjudicating the merits of the defendant's remaining claims of error).  This being the case, it is not necessary for us to decide whether the waiver should be severed.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**

3